**Tom B. HARRIS, Jr., Administrator C.T.A., et al.**

v.

**Sarah Ann COLES, et al.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 18, 2001.

Permission to Appeal Denied by
Supreme Court Oct. 30, 2001.

Dan E. Huffstuter, Nashville, TN, for appellants, Sarah Ann Coles, Mary Elam, and Helen Francis Felts.

Robert L. Perry, Jr., Ashland City, TN, for appellee Claude Murray Neal.

**OPINION**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which CAIN, J., and J.S. DANIEL, Sp. J., joined.

The trial court held that the terms of a promissory note did not entitle its beneficial owners to compound interest arising from the obligor's failure to make timely installment payments, but only to simple interest on the principal. We affirm.

**I.**

In September of 1985, Charles Noble Barnes, an elderly Cheatham County farmer, sold his 53 acre farm to his stepson, Claude Murray Neal. Mr. Neal gave Mr. Barnes his promissory note which states as follows:

"For value received I promise to pay to the order of Charlie N. Barnes the principal sum of SIXTY-EIGHT

THOUSAND AND NO/100 DOLLARS ($68,000), yearly installments as follows, namely: On the 1ˢᵗ day of March, 1987 the sum of FIVE THOUSAND AND NO/100 ($5,000) DOLLARS plus interest at the rate of 8% simple interest per annum, and thereafter each year $5,000 per year plus interest at the rate of 8% simple interest per annum, until interest and principal have been paid in full."

The Installment Deed, executed contemporaneously with the note, states that the $68,000 was to be paid

"... in yearly installments of $5,000.00 plus interest at 8% simple interest per year until principal and interest have been paid in full. Said yearly installments to commence on the 1st day of March, 1987."

Language printed on the back of the deed states that failure to make timely payment on the note could, at the option of the holder, make the entire note due and payable at once, and authorizes a foreclosure sale in the event of non-payment. The record also contains a handwritten schedule of payments, showing the amount of each payment expected to be made between March 1, 1987 and March 1, 2000, and with the notation "68,000.00 @ 8% simple interest" at the top. The evidence shows that Mr. Neal made several partial payments on the note before the death of Mr. Barnes on March 5, 1988, but none afterwards.

The Last Will and Testament of the decedent named Mr. Barnes' four adult stepchildren, including Mr. Neal, as his sole beneficiaries. Mr. Neal and John Coles, the husband of one of Mr. Barnes' three stepdaughters, were nominated as co-executors.

Mr. Barnes' stepdaughter Mary Ethel Elam filed a petition on May 19, 1999 to probate the will and to be granted letters of administration. Ms. Elam noted that Mr. Coles had requested that the court not appoint him as executor, and stated that the sole asset of the estate subject to administration was Mr. Neal's promissory note, which raised a clear conflict of interest. Mr. Neal subsequently filed his own petition, requesting that he be allowed to serve as executor of the estate.

After examining the petitions, the trial court determined that Mr. Neal should not be named as executor. In his stead, the court appointed attorney Tom B. Harris Jr., as Administrator C.T.A. of the estate. On January 21, 2000, Mr. Harris filed a Complaint for Declaratory Judgment, asking the court for its authoritative guidance in regard to several controversies about the estate, most of which had to do with the promissory note.

Following a hearing on May 25, 2000, the court issued a Declaratory Order disposing of all the questions raised by Mr. Harris. The portions of the order dealing with interest on the note read as follows:

4. Interest on this indebtedness shall be calculated, in keeping with the provision appearing on the face of the note, at the rate of eight (8%) per cent per annum and on the basis of simple interest (i.e., without capitalization of the accrued but unpaid interest as of each prescribed payment date).

5. The balance owed by defendant Claude Murray Neal on the installment deed note to the Estate of Charles Noble Barnes, Deceased, as of May 25, 2000, is properly stated on the attached Exhibit "A" as $65,420.79 principal and $69,710.68 accrued interest, for a total indebtedness of $135,131.47.

6. The per diem additional accrual of interest on the indebtedness evidenced by said installment deed note shall be $14.30 until it is paid in full.

7. The total of the indebtedness evidenced by the said installment deed note shall be paid by defendant Claude Murray Neal one (1) day after the entry of this Order shall have become final and, in the event of this defendant's failure to do so, the Administrator C.T.A. is ordered forthwith to cause the start of nonjudicial foreclosure proceedings.

The three stepdaughters of Mr. Barnes appealed the trial court's order, solely challenging its method of calculating the interest on the promissory note.

## II.

The appellants contend that the promise in the note of payment of principal plus interest "at the rate of 8% simple interest per annum" was for the purpose of making it unequivocally clear that 8% of the outstanding balance should constitute the interest charge for each year, and not to exclude the possibility of compound interest upon the unpaid accrued interest.

■ The parties agree that a promissory note may legally require the obligor to pay compound interest. The cases they have cited indicate that this question was settled well over a hundred years ago, when some debtors argued unsuccessfully that compound interest was usurious, and therefore illegal. *See Hale v. Hale,* 41 Tenn. (1 Cold.) 233 (1860); *Ward v. Brandon,* 48 Tenn. (1 Heisk.) 490, (1870); *Woods v. Rankin,* 49 Tenn. (2 Heisk.) 46 (1870).

These cases also indicate that before compound interest may be applied, the agreement of the parties to do so must be demonstrated. Thus, in *Woods v. Rankin,* the Court stated, "[c]ompounding interest is the charging of interest against a debtor upon a sum which has accrued as interest upon the principal debt. This is not allowed by law, except in cases where the debtor expressly contracts to pay it." 49

Tenn. at 48. In *Ward v. Brandon,* the Court said, quoting *Hale v. Hale,* that "if it was stipulated in the original contract that the interest should be compounded, if not punctually paid, there was nothing illegal, immoral, or contrary to public policy in such a contract." 48 Tenn. at 494.

The appellants have drawn our attention to another case from the same era which appears to breach this principal. In *Samuel S. House v. Tennessee Female College,* 54 Tenn. 128 (1872), a note held by a guardian for the benefit of his ward did not mention compound interest, but recited that "the interest on [the debt] is to be paid promptly at the end of every six months until the principal is paid." The court apparently reasoned that the equities of the situation, together with the specific requirement of prompt payment of interest, required that the debtor account for his failure to pay on time by converting the unpaid interest into principal, against which additional interest could be assessed.

■ Since the transaction behind the note in the *House* case is not laid out in any detail, we feel we should be extremely cautious before applying it to the present case, and we prefer to look to a more recent case for guidance, *Ingram v. Earthman,* 993 S.W.2d 611 (Tenn.Ct.App.1998). In Ingram, we said that while compound interest is permissible in Tennessee if the parties have agreed to it, their agreement should be reflected in the note itself. If the note is ambiguous, then the court must look elsewhere to determine the intention of the parties. Conflicting evidence as to the intention of the parties creates a question for the finder of fact. 993 S.W.2d at 641.

The note at issue in the *Ingram* case apparently did not refer directly to either compound interest or to simple interest.

The court noted that the interest rate provision in the note was "far from clear," that it required the obligor to pay interest at the obligee's "prime rate," and that the finder of fact had to look beyond the note itself to ascertain the parties' agreement concerning interest payments.

The note in the present case refers twice to "8% simple interest," and nowhere contains language that can be interpreted to require the payment of compound interest. There is nothing in the note or in the installment deed to indicate any possible consequences to Mr. Neal if he failed to make payments on time, other than foreclosure. Even if, *arguendo*, we agreed with the appellants that this omission creates an ambiguity in the note, we would still need some evidence to support the theory that the agreement between Mr. Barnes and Mr. Neal included a contingent provision for compound interest before we could rule in their favor.

There is no Transcript of the Evidence in the record. There is only a Statement of the Evidence, filed pursuant to Rule 24(c), Tenn.R.App.P. The Statement of the Evidence and its attached exhibits contain only the information we have already discussed in this opinion. There is not a scintilla of evidence in the record of an agreement involving the payment of compound interest. We must therefore affirm the trial court.

### III.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Cheatham County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellants, Sarah Ann Coles, Mary Elam, and Helen Francis Felts.